IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | Crim. No. DLB-24-0344 |
| **v.** | * | |
| **STEPHEN L. SNYDER,** | * | |
| **Defendant.** | * | |

## ORDER

On November 21, 2024, during a jury trial conducted before the undersigned in the matter of *United States v. Snyder*, Crim. No. DLB-20-0337 (the transcript of which is incorporated herein by reference), the Court found (and reiterates now) that the *pro se* defendant in that jury trial, Stephen L. Snyder, after having been warned, did disobey and resist the Court's lawful orders as follows:

1. The Court granted the government's Motion in Limine number 1 on October 28, 2024 excluding any mention of Leo Wise. Snyder willfully disobeyed the Court's order by mentioning Leo Wise twice during his closing statement.

2. The Court granted the government's Motion in Limine number 7 on October 28, 2024 excluding any mention of the United States Attorney's Office's closing memorandum for the investigation of Snyder's criminal case. Snyder willfully disobeyed the Court's order by mentioning the closing memorandum during his closing statement.

3. The Court granted the government's Motion in Limine number 2 on October 28, 2024 excluding any mention of the attorney grievance process. Snyder willfully disobeyed the Court's order by mentioning the attorney grievance process during his closing statement.

4. The Court ordered Snyder to refrain from offering any unsworn testimony on November 14, 2024 and November 15, 2024. Snyder willfully disobeyed the Court's orders by repeatedly offering his own unsworn testimony during the closing statement. When the Court instructed Snyder to stop offering unsworn testimony, he continued to do so.

The Court found (and reiterates now) that Snyder disobeyed and resisted these orders knowingly and willfully. The Court instructed Snyder on numerous occasions not to violate its rulings, including throughout trial. The Court finds that this misconduct occurred in the presence of the Court. The Court has the power to punish such contempt of its authority. 18 U.S.C. § 401. Accordingly, the Court finds and concludes, as it did summarily on the record in open court, that Stephen L. Snyder is in CONTEMPT OF COURT under 18 U.S.C. § 401(3). The Court exercised its power to punish such contempt by imposing imprisonment and directed that Snyder be remanded to the custody of the United States Marshal Service overnight on November 21, 2024.

Date: November 22, 2024

Deborah L. Boardman
United States District Judge